NATIONAL AUTOMOBILE ASSOCIATION, APPELLANT, V. HARRY D. STRUNK, APPELLEE.

FILED JANUARY 13, 1932. No. 28040.

*Scott & Scott* and *Paul I. Manhart* for appellant.

*C. D. Ritchie, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

PER CURIAM.

Action for damages for libel. Defendant, publisher of a newspaper at McCook, demurred to the petition as not stating a cause of action. The demurrer was sustained. Plaintiff appealed.

The article on which the action is based is set out in full in the petition. It indicated that the Chamber of Commerce of McCook was making a drive against those who were obtaining money by false representations of stock they were selling in the community, and that one Daugherty, selling memberships in plaintiff association, "made his clients believe that membership in the association carried benefits not called for in the contract,"

that he had been prosecuted, pleaded guilty, was fined $10 and costs, and ordered to return a membership fee of $9.50 obtained from a subscriber. The main charge of the pleading arose out of the headline which was: "Fake Association Salesman Fined. Omahan Forced to Return Membership Fees to Subscribers." Plaintiff argues that the word "Fake" modifies the word "Association," whereas defendant argues that the text shows the defendant intended the adjective to apply to the salesman. The only place where plaintiff was named in the publication was in a paragraph in these words: "The National Automobile Association was the firm represented by Daugherty. Daugherty, it was claimed by the Chamber of Commerce, made his clients believe that membership in the association carried benefits not called for in the contract." So the crux of the article was that the salesman was a faker, which means a "petty swindler," in that he falsely represented the coverage of plaintiff's contracts. The implication is that the membership contract was not criticized as bad, but that the plaintiff's salesman perpetrated a fake by making the false representations, on which, when duly charged, he had pleaded guilty. As a syllabus of the text, the headline was a bungle, but we are of the opinion that the published article, as set forth in the petition, afforded no sufficient basis for plaintiff's action against defendant, and that the court did not err in sustaining the demurrer. The judgment is

AFFIRMED.